IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>v.<br><br>(1) THE REAL PROPERTY KNOWN AS 324 OAK MEADOW LANE, CEDAR HILL, TX; (2)THE REAL PROPERTY KNOWN AS 1015 ARIES STREET, CEDAR HILL, TX; (3) THE REAL PROPERTY KNOWN AS 5605 S COCKRELL HILL ROAD, DALLAS, TX; (4) THE REAL PROPERTY KNOWN AS 7867 GREEN LAWN DRIVE #7867, HOUSTON, TX.<br><br>               *Defendants in Rem*. | NO.  3:23-CV-446 |

## UNITED STATES' COMPLAINT FOR FORFEITURE

The United States of America files this verified complaint *in rem* against the ("Defendant Property") as described in Section II., and in support states:

### I.    JURISDICTION AND VENUE

1. This court has subject matter jurisdiction of this cause of action *in rem* by virtue of the provisions of 28 U.S.C. §§ 1345 and 1355(a).  Venue is proper under 28 U.S.C. § 1355(b)(1) and 28 U.S.C. § 1395(b).

2. The statutory basis for this suit is 18 U.S.C. § 981(a)(1)(C).  Also applicable are 28 U.S.C. §§ 2461 and 2465, 18 U.S.C. §§ 983 and 985, and Supplemental Rule G, Federal Rules Civil Procedure Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

3. Pursuant to the provisions of 18 U.S.C. § 985(a), actions against real property are to be brought in the United States District Court.

4. Pursuant to 19 U.S.C. § 1621(2), regarding the person subject to the penalty or forfeiture involved with the underlying facts, Julius Trumane McMillion, evidence shows that he is a fugitive and absent from the United States since at least March 2022. Following Julius Trumane McMillion's indictment, in April 2022, a summons with served on an adult resident of the address listed on his driver's license. Julius Trumane McMillion has not appeared before the Court pursuant to the summons.

## II. DEFENDANT PROPERTY

5. The Defendant Property,[1] which is the following four real properties that has not been seized, is the following:

> **324 Oak Meadow Lane, Cedar Hill, Texas 75104, Dallas County, Texas** legally described as Lot 9, in Block E, of Meadowbrooke I, an Addition to the City of Cedar Hill, Dallas County, Texas, according to the Map or Plat thereof recorded in/under Volume 84197, Page 2061, Map/Plat records, Dallas County, Texas.;
>
> **1015 Aries St., Cedar Hill, TX 75104, Dallas County, Texas** legally described as Lot 9, Block 5, Meadowbrooke 1, An Addition to The City of Cedar Hill, Dallas County, Texas, According To The Plat Thereof Recorded In Volume 84197, Page 2061, Map Records, Dallas County, Texas.;

---

[1] Appreciation in the value of property is also subject to forfeiture. *See, e.g., United States v. Betancourt*, 422 F.3d 240, 251 (5th Cir. 2005); *United States v. Vogel*, No. 4:08-CR-224, 2010 WL 547344, at *4 (E.D. Tex. Feb. 10, 2010). In addition, any proceeds, such as income, funds, payments, etc., derived from the property is subject to forfeiture. *See United States v. Sanders*, 952 F.3d 263, 286 (5th Cir. 2020) (proceeds are property the defendant would not have obtained or retained but for the commission of the offense). Both the appreciation in value of the Defendant Property and any proceeds obtained or retained from the Defendant Property are sought for forfeiture in this case and are considered to be included in the definition of Defendant Property.

**5605 S Cockrell Hill Road, Dallas, TX 75236, Dallas County, Texas** legally described as Lot 170B, Block 6949, Of Robert Foote's Subdivision, Of Lot 170 In City Block 6949, Of Oak Cliff Forest No. 2, An Addition To The City Of Dallas, Dallas County, Texas, According To The Map Thereof Recorded In Volume 68026, Page 1861, Of The Map Records Of Dallas County, Texas.

**Proceed commissions from the sale of 7867 Green Lawn Dr. #7867, Houston, TX 77088, Harris County, Texas** legally described as A Field Note Description Of A Tract Of Land Located In Harris County, Texas, Situated In The B. B. B. & C. R.R. Company Survey, Abstract No. 181 And The K. Morgan Survey, Abstract No. 573, Being Out Of Unrestricted Reserve "F", Block 9 Of The Replat Of Inwood Forest, Section 3 As Recorded In Volume 200, Page 48 Of The Said County Map Records, Said Tract Being More And Particularly Described By Metes And Bounds As Follows:

Commencing At The Northeast Corner Of Said Reserve "F", Said Point On The West Right-Of-Way Line Of Greenlawn Drive (60-Foot R.O.W.);

Thence, In A Southerly Direction Along Said West Line Following The Arc Of A Curve To The Left With A Central Angle Of 03°52'14", A Radius Distance Of 1230.00 Feet And A Total Called Arc Length Of 82.38 Feet To A Point Of Tangency;

Thence, Call South 02°26'20" East, Along Said West Line, A Call Distance Of 290.20 Feet To A Point;

Thence, Call South 87°33'40" West, A Call Distance Of 56.70 Feet To An "X" Set For The Point Of Beginning Of The Herein Described Tract Of Land;

Thence, South 02°26' 0" East, Along The West Line Of That Certain Tract Recorded Under Clerks File No. U-205628 Of The Said Property Records, A Distance Of 18.00 Feet To An "X" Set For Corner;

Thence, South 87°33'40" West, Along A North Line Of Said U-205628, A Distance Of 3.80 Feet To An "X" Set For Corner;

Thence, South 02°26'20" East, Along Said West Line With An Existing Party Wall, A Distance Of 35.50 Feet To A Building Corner;

Thence, South 87°33'40" West, A Distance Of 44.00 Feet To A Building Corner;

Thence, North 02°26'20" West, A Distance Of 14.00 Feet To A Building Corner;

Thence, North 87°33' 40" East, A Distance Of 3.70 Feet To A Building Corner;

Thence, North 02°26'20" West, A Distance Of 11.50 Feet To A Building Corner;

Thence, North 87°33'40" East, Along The South Line Of That Certain Tract Recorded Under Clerks File No. P-283178 Of The Said Property Records In Part With An Existing Party Wall, A Distance Of 22.30 Feet To A Point For Corner;

Thence, North 02°26'20" West, Along An East Line Of Said P-283178, A Distance Of 10.00 Feet To A Point For Corner;

Thence, North 87°33'40" East, Along A South Line Of Said P-283178, A Distance Of 3.80 Feet To An "X" Set For Corner;

Thence, North 02°26'20" West, Along An East Line Of Said P-283178, A Distance Of 18.00 Feet To An "X" Set For Corner;

Thence, North 87°33'40" East, A Distance Of 18.00 Feet To The Point Of Beginning And Containing 0.036-Acres Of Land More Of Less as shown in File No. 03-3903 in the office of U.S. Surveying Company, Inc., Houston, Texas.

### III.   POTENTIAL CLAIMANTS TO DEFENDANT PROPERTY

6. The names and last known addresses of those individuals or entities reasonably appearing to the government at this time that may be potential claimants to the Defendant Property are:

> Nichele Janae Helaire
> P.O. Box 211361
> 2202 S Cockrell Hill Road
> Dallas, TX 75211

Nichele Janae Helaire
5605 S Cockrell Hill Road
Dallas, TX 75236


Nichele Janae Helaire
nhelaire@gmail.com

Julius Trumane McMillion
1015 Aries Street
Cedar Hill, TX 75104

Julius Trumane McMillion
5605 S Cockrell Hill Road
Dallas, TX 75236

Julius Trumane McMillion
Kingjames42@mailfence.com
Julius_mcmillion@hotmail.com

Raven Monique Johnson
1015 Aries Street
Cedar Hill, TX 75104

Raven Monique Johnson
8500 W Highway 71 Apt. 231
Austin, TX 78735

Raven Monique Johnson
Glamdiva6@yahoo.com

Lone Star Surgical Systems, Inc.
P.O. Box 151595
Dallas, TX 75315

Lone Star Surgical Systems, Inc.
5605 S Cockrell Hill Road
Dallas, TX 75236

Bruce Payne
c/o Lone Star Surgical Systems, Inc.
221 David Street
New Orleans, LA 70119

**United States' Complaint for Forfeiture – Page 5**

Nesha Jackson
Home Express Realty
24044 Cinco Village Center Blvd.
Suite 100
Katy, TX 77494

Nesha Jackson
Njpope32@yahoo.com

Notice of this complaint will be provided to the above-listed individuals and/or entities.

7. In lieu of seizure, the United States, as provided in 18 U.S.C. § 985, will:

   a. Post notice of this action and a copy of this Complaint on the Defendant Property; and

   b. A record a notice of lis pendens against the Defendant Property has already been recorded in conjunction with the criminal case against Julius McMillion, *United States v. Julius Trumane McMillion*, 3:22-CR-129-E (N.D. Tex. Dallas).

## IV. STATUTORY BASIS

8. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it is property that constitutes or is derived from gross proceeds traceable to health care fraud, in violation of 18 U.S.C. § 1347.

9. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because the property was involved in, or traceable to property involved in money laundering, or conspiracy to do so, in violation of 18 U.S.C. § 1956 and/or 18 U.S.C. § 1957.

## V.  FACTS SUPPORTING FORFEITURE

10. Julius Trumane McMillion has been indicted in *United States v. Julius Trumane McMillion*, 3:22-CR-129-E (N.D. Tex. Dallas) for seven counts of health care fraud in violation of 18 U.S.C. § 1347.

11. The underlying facts involve a fraud scheme where Julius Trumane McMillion was the owner and operator of Lonestar Surgical Systems, Inc., a durable-medical-equipment provider with an office located in Dallas, Texas, within the Northern District of Texas.  Between in or about January 2016 and continuing at least in or about November 2017, Julius Trumane McMillion engaged in a scheme to defraud Company A (a transit company that provided student transportation, public transportation management, intercity coach lines, and was the largest bus and train operator in the United States).  Company A sponsored an ERISA-covered health and welfare plan that was a health care benefit plan as defined in 18 U.S.C. § 24(b)).

12. Julius Trumane McMillion engaged in a scheme to defraud Company A and to obtain money or property by means of materially false and fraudulent pretenses, representations, and promises from Company A by submitting and causing to be submitted false claims for durable medical equipment for Company A's employees, resulting in losses to Company A for approximately $1.8 million.  In furtherance of the scheme and artifice to defraud, Julius Trumane McMillion did the following:

   a. Maintained post office boxes located in Dallas, Texas, within the Northern District of Texas, to receive packages containing durable medical equipment that had been purchased from online retailers, such

as Amazon;

b. Solicited employees of Company A outside the employee parking lot and offered to provide them with free durable medical equipment;

c. Prepared false and fraudulent claims for durable medial equipment on behalf of Company A's employees representing that each of the employees had been seen by a doctor when, in truth and fact, McMillion knew that none of the employees had been seen by a doctor and that the identified doctor did not actually exist;

d. Established bank accounts at financial institutions, including J.P. Morgan Chase Bank, NA, for the purpose of receiving reimbursement from Company A for the fraudulent claims; and

e. Distributed durable medical equipment to the employees of Company A.

13. Between in our about January 2016 and continuing at least in or about November 2017, in the Northern District and elsewhere, Julius Trumane McMillion knowingly and willfully executed or attempted to execute the above-described scheme and artifice to defraud and to obtain, by means of materially false and fraudulent pretenses and representations, money and property owned by and under the custody and control of Company A and Company A's ERISA-covered health and welfare plan, a health care benefit program as defined in 18 U.S.C. § 24(b), in conjunction with the delivery of and payment for health care benefits, items, and services, in that Julius Trumane McMillion submitted or caused to be submitted claims for reimbursement

knowing that the claims were materially false and fraudulent.  Some examples of these false claims are (1) on or about date 3/31/17, member L.V.L., claim number ERWYYK7WS00, billed amount $14,131.44; (2) on or about date 4/27/17, member S.M., claim number E4PBX4HYT00, billed amount $14,131.44; and (3) on or about date 6/13/17, member A.M., claim number PFY0YTYVQ00, billed amount $38,139.47.

14. Julius Trumane McMillion transferred proceeds traceable from the fraudulent scheme towards the purchase or payments towards the Defendant Property which is traceable to McMillion's fraudulent scheme proceeds.  The transfer of proceeds to the Defendant Property was intended to conceal or disguise the nature, location, source, ownership or control of the proceeds, in violation of 18 U.S.C. § 1956.  In addition, the monetary transactions towards the purchase and/or payments to the Defendant Property constituted money laundering under 18 U.S.C. § 1957 as criminally derived property greater than $10,000 derived from specified unlawful activity, the health care fraud.  This tracing and transfer of proceeds, along with further explanation of the fraudulent scheme offense, is shown by the Declaration in support of the United States' Complaint for Forfeiture of FBI Special Agent Jeffrey Fleshman, attached and filed in support of this Complaint.  *See United States v. 2121 Kirby Drive*, No. H-06-3335, 2007 WL 3378353, at *3 (S.D. Tex. Nov. 13, 2007) (in determining sufficiency of a complaint, the court will look not only to the complaint itself, but to any affidavit or other attachment).

## VI.     RELIEF SOUGHT

THEREFORE, the United States requests the following:

A.      The notice of this forfeiture action against the defendant real property be posted by the United States Marshal or his designee authorized by law on the defendant property in accordance with 18 U.S.C. § 985(c)(1)(B);

B.      Publication of notice of this forfeiture action be made by posting notice on the official government internet site, www.forfeiture.gov, for at least 30 consecutive days, in accordance with Supplemental Rule G(4)(a)-(5).

C.      Direct notice of this forfeiture action be given to those persons who reasonably appear to be potential claimants in accordance with Supplemental Rule G(4)(b)-(5).

D.      In order to avoid forfeiture of the Defendant Property, all persons having any interest in or right against the defendant property be advised by the public notice or the direct notice to timely file in this court a verified claim identifying the interest or right to the defendant property as required by Supplemental Rule G(5)(a) and 18 U.S.C. § 983(a)(4)(A); and to file an answer to this Complaint for Forfeiture or motion under Fed. R. Civ. P. 12 in the manner required by the Supplemental Rule G(5)(b) and 18 U.S.C. § 983(a)(4)(B).  Further, any person filing a verified claim of interest or right and/or an answer shall serve a copy on Dimitri N. Rocha, Assistant United States Attorney, 1100 Commerce Street, Suite 300, Dallas, Texas 75242.

E.      Pursuant to Rule G(5)(a), the claim must (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property, and

**United States' Complaint for Forfeiture – Page 10**

(C) be signed by the claimant under penalty of perjury. Any person who asserts an interest in the Defendant Property must filed a verified claim within 35 days after the date the notice is sent if the notice is delivered by mail, or withing 35 days of the date of delivery if the notice is personally served and not sent by mail.

    E.    Any person who files a verified claim must then file an answer to the complaint or a motion under Rule 12 within 21 days after filing the verified claim.

    F.    At the conclusion of this proceeding, the defendant property be condemned by order and judgment of this court and declared and decreed to be forfeited to the United States of America in accordance with law.

    G.    All costs and expenses incurred by the United States in obtaining the forfeiture of the defendant property be appropriately taxed against any person or entity who may file a verified claim and answer herein, and/or if more than one person or entity files a verified claim and answer herein be jointly taxed and prorated among them, as the court deems just and equitable.

    H.    The United States have such other and further relief, at law or in equity, to which it may show itself justly entitled.

                                              Respectfully submitted,

                                              LEIGHA SIMONTON
                                              UNITED STATES ATTORNEY

                                              */s/ Dimitri N. Rocha*
                                              Dimitri N. Rocha
                                              Assistant United States Attorney
                                              Florida State Bar No. 693332
                                              1100 Commerce Street, Third Floor
                                              Dallas, TX 75242-1699
                                              Telephone: 214-659-8650
                                              Facsimile: 214-659-8803
                                              Dimitri.Rocha@usdoj.gov
                                              ATTORNEYS FOR PLAINTIFF

Dated: 2/27/2023

## VERIFICATION OF COMPLAINT

I, Jeffrey R. Fleshman, am a Special Agent with the Federal Bureau of Investigation, and I have been assigned to assist in the forfeiture of the defendant property. I have read the foregoing Complaint for Forfeiture and know its contents. The information contained in the Complaint for Forfeiture has been furnished from official government sources and, based on my information and belief, the allegations contained in the Complaint are true and correct.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 27, 2023

_____
Jeffrey R. Fleshman
Special Agent
Federal Bureau of Investigation