**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, PLAINTIFF,** | § § | |
| **V.** | § § | **CIVIL CASE NO. 3:23-CV-446-E** |
| **(1) THE REAL PROPERTY KNOWN AS 324 OAK MEADOW LANE, CEDAR HILL, TX; (2) THE REAL PROPERTY KNOWN AS 1015 ARIES STREET, CEDAR HILL, TX; (3) THE REAL PROPERTY KNOWN AS 56-5 S COCKRELL ROAD, DALLAS, TX; (4) THE REAL PROPERTY KNOWN AS 7867 GREEN LAWN DRIVE #7867, HOUSTON, TX. *DEFENDANTS IN REM.*** | § § § § § § § § § § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's O*rder of Reference,* Doc. 24, *United States' Unopposed Motion for Default* J*udgment* and *Final Judgment of Forfeiture*, Doc. 22, is now before the Court for consideration. As detailed herein, the motion should be **GRANTED**.

## I. BACKGROUND

In February 2023, the Government filed its verified, civil forfeiture complaint *in rem* on the real properties known as 324 Oak Meadow Lane, Cedar Hill, Texas 75104; 1015 Aries Street, Cedar Hill, Texas 75104; 5605 S. Cockrell Hill Road, Dallas, Texas 75236; and the proceed commissions from the sale of the real property known as 7867 Green Lawn Drive

#7867, Houston, Texas (collectively, "the Properties"). Succinctly stated, the complaint alleges that the Properties are subject to forfeiture as they (1) are "proceeds traceable to health care fraud, in violation of 18 U.S.C. § 1347"; and (2) were "involved in, or traceable to property involved in money laundering, or conspiracy to do so, in violation of 18 U.S.C. § 1956 and/or 18 U.S.C. § 1957." Doc. 1 at 6.

The Government's uncontroverted allegations include that, March 2-31, 2023, the Government published the requisite notice of this forfeiture action on its official forfeiture website. Doc. 22 at 2; FED. R. CIV. P. SUPP. G(4)(iii)(b).[1] On March 2, 2023, the Government also provided notice of the instant civil action to potential claimants Nichele Janae Helaire, Julius Trumane McMillion, Raven Monique Johnson, Lone Star Surgical Systems, Inc., and Nesha Jackson (collectively, "Potential Claimants"). Doc. 22 at 2-3. The Potential Claimants, however, failed to timely file an administrative claim stating an interest in the Properties or otherwise defending against this suit.[2] Thus, upon the Government's request, the Clerk entered a default against them. Doc. 21. The Government now seeks a default judgment awarding any interest of the Potential Claimants in the Properties to the United States.[3]

---

[1] The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions are cited herein as FED. R. CIV. P. SUPP.

[2] While Nichele Janae Helaire mailed a purported claim to the U.S. Attorney's office, she did not file a claim with the Court, as required by Supplemental Rule G(5)(a)(i)(D). Doc. 22 at 4.

[3] Claimants Venture Properties, Inc., Dallas County, Cedar Hill Independent School District, Dallas Community College, the City of Cedar Hill, Parkland Hospital District, Dallas County School Equalization Fund, and Duncanville Independent School District, (collectively, "the Taxing Authorities") have filed verified claims and answers in this cause. Doc. 10; Doc. 11; Doc. 13; Doc. 14. The Government has entered stipulations for settlement with these entities and requests that the final judgment reflect the same.

## II. APPLICABLE LAW

The entry of default judgment is the culmination of three events: (1) default, which occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Federal Rule of Civil Procedure 12; (2) entry of default by the clerk of court when such default is established by affidavit or otherwise; and (3) application by plaintiff to the court for a default judgment after the entry of default. FED. R. CIV. P. 55(a). Nevertheless, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default . . . . In fact, default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (cleaned up) (internal quotations and cases omitted).

Moreover, there must be a sufficient basis in the pleadings for a court to enter judgment by default. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*., 515 F.2d 1200, 1206 (5th Cir. 1975). Defendants, by virtue of having default entered against them, are deemed to have admitted the well-pleaded allegations of the complaint and are precluded from contesting the established facts. *Id.* (citations omitted).

## III. ANALYSIS

### A. Notice

A judgment of forfeiture may not be entered unless the Government has appropriately provided notice. FED. R. CIV. P. SUPP. G(4). Notice of the action must be published "within a reasonable time after filing the complaint or at a time the court orders." FED. R. CIV. P. SUPP. G(4)(a)(i). Publication may be done by "posting a notice on an official internet government forfeiture site for at least 30 consecutive days." FED. R. CIV. P. SUPP. at G(4)(a)(iv)(C). Additionally, "the government must send notice of the action and a copy of the complaint to any

person who reasonably appears to be a potential claimant on the facts known to the government." FED. R. CIV. P. SUPP. G(4)(b)(i). This notice must include: "(A) the date the notice is sent; (B) a deadline for filing a claim, at least 35 days after the notice is sent; (C) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and (D) the name of the government attorney to be served with the claim and answer." FED. R. CIV. P. SUPP. G(4)(b)(ii)(A)-(D).

Here, on the pleadings and facts set out *supra*, the Court finds that the Government has provided sufficient notice to the Potential Claimants. *See* Doc. 18 (notice by publication on the Government's official forfeiture website); Doc. 19-2 (notices to Potential Claimants).

**B. Sufficiency of the Complaint**

Under the Civil Asset Forfeiture Reform Act, the Government has the burden of establishing by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). When, as here, the Government seeks forfeiture on the basis "that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense," the Government must establish a "substantial connection between the property and offense." 18 U.S.C. § 983(c)(3). Additionally, under the Supplemental Rules, the complaint in a forfeiture action *in rem* arising from a federal statute must:

> (a) be verified; (b) state the grounds for subject matter jurisdiction, *in rem* jurisdiction over the property, and venue; (c) describe the property with reasonable particularity; . . . (e) identify the statute under which the forfeiture action is being brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

FED. R. CIV. P. SUPP. G(2).

Here, the Government's well-pled allegations in the Verified Complaint establish that each of the Properties is subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(A),(C), including that it (1) "constitutes or [was] derived from gross proceeds traceable to health care fraud, in violation of 18 U.S.C. § 1347; and (2) was involved in, or traceable to property involved in money laundering, or conspiracy to do so, in violation of 18 U.S.C. § 1956 and/or 18 U.S.C. § 1957." Doc. 1 at 6, 13. The Verified Complaint also contains the street address and legal description of each of the Properties, Doc. 1 at 2-4. And, in addition to stating the statutory bases for forfeiture, the Verified Complaint succinctly states facts which, accepted as true, support reasonable belief that the Properties are subject to forfeiture.

Specifically, the complaint and Special Agent Fleshman's attached *Declaration* establish, *inter alia*, that from approximately January 2016 to November 2017, Potential Claimant Julius Trumane McMillion: (1) solicited employees of the alleged victim company and offered to provide them with free durable medical equipment; (2) prepared false and fraudulent claims for durable medical equipment on behalf of the company's employees; (3) established bank accounts for the reimbursements from the victim company for the fraudulent claims; (4) was the sole signatory authority over JP Morgan Chase Bank ("JMCB") account #8680[4]; and (5) from the JMCB account, (a) used $169,318.26 in tainted funds to purchase the property located at 324 Oak Meadow Lane, Cedar Hill, Texas 75104, (b) paid approximately $78,458.97 in tainted funds towards his existing note on the property located at 1015 Aries Street, Cedar Hill, Texas 75104, (c) used $460,124.45 in tainted funds to buy the property located at 5605 South Cockrell Hill

---

[4] Special Agent Fleshman also avers in his Declaration that investigators used the Lowest Intermediate Balance Rule accounting method to determine which of the money JMCB account was tainted. Doc. 1-1 at 4-5.

Road, Dallas, Texas 75236, and (d) paid approximately $105,547.11 in tainted funds to purchase the property located at 7867 Green Lawn Drive, Houston, Texas 77088. Doc. 1 at 7-9; Doc. 1-1 at 2-6. Based on these facts, the Court can reasonably infer a substantial connection between the Properties and the criminal violations the Government alleges.

**C. *Lindsey* Factors**

In addition to the foregoing, the following factors may be considered in determining whether to grant a default judgment:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith, mistake, or excusable neglect; (5) the harshness of default judgment; and (6) whether the court would be obligated to set aside a default on the defendant's motion.

*Lindsey v Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Here, consideration of these factors weighs in favor of default judgment.

In the case *sub judice*, there are no disputed material issues of fact since the Potential Claimants are in default. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, the Potential Claimants' failure to respond threatens to halt the adversary process and "effectively prejudice[s] Plaintiff's interests." *United States v. Holland*, No. 3:17-CV-0939-B, 2018 WL 354542, at *2 (N.D. Tex. Jan. 10, 2018) (Boyle, J.) (citation omitted). Third, the grounds for default have been clearly established because "all [P]otential [C]laimants were legally and properly notified of their right to file a claim to the Propert[ies], the deadline for doing so[,] and the consequences of failing to do so, as required by the Federal Rules of Civil Procedure and the Supplemental Rules." *United States v. Real Prop. Known as 2430 Gibbs Williams Rd.*, No. 3:15-CV-3996-L-BK, 2017 WL 744687, at *4 (N.D. Tex. Jan. 10, 2018) (Toliver, J.), *adopted by* 2017 WL

735487 (N.D. Tex. Feb. 23, 2017). Fourth, there is no evidence before the Court to indicate that the Potential Claimants' silence is the result of "good faith mistake or excusable neglect." *See United States v. Garza*, No. 3:19-CV-0188-S, 2019 WL 4452147, at *3 (N.D. Tex. Aug. 22, 2019) (Ramirez, J.) (finding that it is defendant's duty to offer evidence to show his failure to answer was in good faith or excusable). Fifth, entry of default judgment will not be unusually harsh as the Government only seeks the relief it is entitled to under 18 U.S.C §§ 981(a)(1)(A),(C). *See United States v. Villalon*, No. 3:17-CV-0522-B, 2017 WL 4409028, at *2 (N.D. Tex. Oct. 4, 2017) (Boyle, J.) (finding that the harshness of a default judgment is mitigated when a plaintiff seeks only the relief the law provides). Sixth, "the Court is not aware of any facts that would give rise to 'good cause' to [obligate the Court to] set aside the default if challenged by Defendant." *Id.* (citing *Lindsey*, 161 F.3d at 893).

## IV. CONCLUSION

For the foregoing reasons, the *United States' Unopposed Motion for Default Judgment and Final Judgment of Forfeiture*, Doc. 22, should be **GRANTED**, and a judgment declaring that any and all right, title, and interest in the Properties is **FORFEITED** to the United States under 18 U.S.C. §§ 981(a)(1)(A),(C), subject to the interests of the Taxing Authorities, as set out in the proposed judgment.

**SO RECOMMENDED** on August 15, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).